| | |
|---|---|
| COUNTY COURT, JEFFERSON COUNTY, COLORADO<br><br>100 Jefferson County Parkway<br>Golden, Colorado  80401<br><br>**Plaintiff(s)**:  RONALD L. KINNING, an individual<br><br>v.<br><br>**Defendant(s)**:  THE CINCINNATI LIFE INSURANCE COMPANY, an Ohio corporation.<br><br>Attorneys for Plaintiff:<br>Dennis B. Polk, #8777<br>Heather S. Hodgson, #33183<br>Holley, Albertson & Polk, P.C.<br>1667 Cole Boulevard, Suite 100<br>Golden, Colorado  80401<br>Phone:  303-233-7838<br>Fax:  303-233-7860<br>dbp@haplaw.net; hsh@haplaw.net | DATE FILED: May 5, 2017 3:22 PM<br>FILING ID: 15BA358F8A5EC<br>CASE NUMBER: 2017CV30682<br><br><br><br>Case Number:<br><br>Div: |

**COMPLAINT AND JURY DEMAND**

    COME NOW the Plaintiff, Ronald L. Kinning ("Plaintiff"), by and through their attorneys, HOLLEY, ALBERTSON & POLK, P.C., and for a Complaint and Jury Demand against the Defendant, hereby states, alleges and avers as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Ronald Kinning ("Plaintiff") resides in the County of Jefferson, State of Colorado.

2. Defendant Cincinnati Life Insurance Company ("Defendant") is a corporation organized under the laws of the State of Ohio and duly authorized to conduct business in the State of Colorado.

3. This Court has jurisdiction over the parties and subject matter of this dispute.

**EXHIBIT A**

4. Venue is proper in the County of Jefferson, State of Colorado pursuant to C.R.C.P. 98 because the Defendant conducts business in the State of Colorado, and the breach of contract and tortious contract at issue occurred in the County of Jefferson, State of Colorado.

## GENERAL ALLEGATIONS

5. Plaintiff hereby incorporates, by this reference, paragraphs 1-4 as if set forth *verbatim*.

6. Plaintiff is a named beneficiary under a life insurance policy, policy number 6356272L (the "Policy"), that Defendant issued to Jerome P. Bonnett, Jr. ("Mr. Bonnett").

7. Pursuant to the terms of the Policy, Plaintiff is entitled to the sum of $800,000.00 plus interest upon the death of the policyholder, Mr. Bonnett.

8. Mr. Bonnett died on or about May 26, 2016.

9. Shortly after Mr. Bonnett's death, Plaintiff filed made a claim to the proceeds of the Policy as a named potential beneficiary thereunder (the "Claim").

10. However, Defendant failed or refused to disburse the benefits owed to Plaintiff.

11. Since the filing of the initial Claim, Plaintiff has made several additional demands for payment.

12. Defendant continues to refuse to pay Plaintiff the amount owed to him under the terms of the Policy.

13. No parties dispute the fact or amount to which Plaintiff is entitled under the terms of the Policy.

14. Plaintiff has complied with all required duties and obligations prior to commencement of this action.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

15. Plaintiff hereby incorporates by this reference the allegations contained in paragraphs 1-14 as if fully set forth herein.

16. The Policy is a contract between the Defendant and Mr. Bonnett, who is deceased.

17. Plaintiff is a third party beneficiary under the Policy.

18. Defendant breached the Policy by, among other things, failing or refusing to pay Plaintiff the benefits owed under the Policy.

19. As a direct and proximate result of the breach of the Policy by the Defendant, Plaintiff has suffered damages in the amount of $800,000 plus pre- and post-judgment interest. **WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Insurance Bad Faith)

20. Plaintiff incorporates, by this reference paragraphs 1 through 20, as if set forth *verbatim*.

21. Pursuant to the terms and provisions of C.R.S. § 10-1-102(7), a policy of insurance is a contract providing indemnity or payment of a specified benefit when a loss occurs as described in the policy.

22. The Policy at issue is an insurance policy pursuant to C.R.S. § 10-1-102(7).

23. The Policy provides for the payment of benefits to beneficiaries named in the Policy, including Plaintiff, upon the death of the policyholder, Mr. Bonnett.

24. The policyholder, Mr. Bonnett, is deceased, and the Defendant has been furnished with a Certificate of Death establishing the same.

25. Despite the filing of a Claim by Plaintiff and repeated requests that Defendant disburse the available funds under the Policy, Defendant has failed or refused to pay the benefits owed to Plaintiff, even though there is no dispute as to the existence or amount Plaintiff is owed under the Policy.

26. Defendant owed and owes a duty to Plaintiff, as a beneficiary under the Policy, to deal with Plaintiff fairly and in good faith.

27. Defendant breached that duty by, among other things, each of the following acts:

   a. unreasonably failing to pay the Claim;

   b. unreasonably failing to properly construe the Policy;

   c. unreasonably failing to make payment in a reasonable and timely manner;

    d.    failing to act reasonably in the adjustment and resolution of the Claim, when Defendant was aware or should have been aware of its negligence;

    e.    failing to adopt and comply with reasonable standards in connection with the investigation, resolution and adjustment of the Claim;

    f.    unreasonably denying or failing to affirm coverage for the Claim within a reasonable time after investigation;

    g.    unreasonably failing to make payment or repay Ronald L. Kinning within a reasonable time for the settlement of the Claim;

    h.    continuously and without basis, other than pretext, unreasonably disputing matters for which there was a clear obligation of defense, payment and/or indemnity of the Claim under the terms of the Policy;

    i.    unreasonably and in violation of the terms and provisions of the Policy asserting a right to deny payment based upon erroneous pre-textual determinations with regard to Defendant's obligations to the Plaintiff;

    j.    unreasonably failing to promptly, properly or adequately provide to Plaintiff reasonable explanations for Defendant's assertions and failing to make payment in accordance with the terms of the Policy;

    k.    creating artifices, pre-textual decisions, and otherwise engaging in a course of conduct designed and calculated to delay reasonable and appropriate resolution of the Claim; and

    l.    unreasonably engaging in a course of conduct designed to hamper, delay, thwart and prevent the timely, reasonable or proper resolution of the Claim;

28. The failure of Defendant to pay the Claim has and continues to cause injury to the Plaintiff.

29. Upon information and belief, Defendant has undertaken this improper course of action and conduct that is not reasonably related to the terms of the Policy or the laws of the State of Colorado, but instead is based upon a national policy by insurers to avoid, delay or prevent the meaningful, prompt and reasonable resolution of claims similar to the Claim.

30. As a direct and proximate result of Defendant's breach of its duty of good faith, Plaintiff has suffered injuries and damages in an amount to be proven at trial, including but not limited to loss of use of funds, annoyance, inconvenience, emotional distress, attorney

fees, costs, expenses and other amount related to the resolution, settlement and payment of the Claim, and other damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
**(Declaratory Judgment)**

31. Plaintiff incorporates, by this reference, the allegations set forth in paragraphs 1 through 30 as if set forth *verbatim*.

32. Pursuant to C.R.S. § 13-51-106, Colorado's Declaratory Judgment Relief Act, and C.R.C.P. 57, "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

33. By its terms, the Declaratory Judgment Relief Act is intended to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered, and this Court has the power and obligation to declare rights, status and other legal relations of the parties whether or not further relief is or could be claimed, and even in advance of time when litigation might possibly arise or before repudiation of obligation, invasion of rights, or commission of wrongs has occurred.

34. The Declaratory Judgment Relief Act may be employed to determine the liability of an insurance company to its insured under a policy of insurance, arising from a specified occurrence.

35. The Policy at issue is a Life Insurance Policy held by Jerome ("Joe") Bonnett ("Mr. Bonnett").

36. Plaintiff is named as a potential beneficiary under the Policy in the event of the death of the policyholder, Mr. Bonnett.

37. Mr. Bonnett is deceased, having died on or about May 26, 2016.

38. Despite repeated requests, Defendant has failed or refused to pay the benefits owed to Plaintiff as a potential beneficiary under the Policy.

39. Defendant owes, and acknowledges that it owes, benefits to Plaintiff under the terms of the Policy.

40. Nevertheless, Defendant has and continues to refuse to pay the benefits owed to Plaintiff.

41. Defendant's conduct is contrary to its duties and obligations to the Plaintiff under the terms of the Policy.

42. Because an actual controversy exists as to Defendant's obligation to pay benefits to Plaintiff as a potential beneficiary under the terms of the Policy, declaration of the parties' respective rights and obligations thereunder with regard to Plaintiff's pursuit of his claims and claimed damages as set forth elsewhere in this *Complaint and Jury Demand*, depends on the Court's answers to these questions and is proper.

**WHEREFORE, Plaintiff prays for judgment as follows:**

    a.    For judgment in favor of Plaintiff and against Defendants on Plaintiff's claims in the principal amount of $800,000.00, plus pre-judgment interest in excess of $12,785.20, in an amount to be determined;

    b.    For post-judgment interest in an amount to be determined;

    c.    For costs and attorney's fees as permitted by contract or statute, including but not limited to C.R.S. § 18-4-405; and

    d.    For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY OF SIX ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

**HOLLEY, ALBERTSON & POLK, P.C.**

/s/ Heather S. Hodgson
Dennis B. Polk, Esq.
Heather S. Hodgson, Esq.
Holley, Albertson & Polk, P.C.
1667 Cole Boulevard, Suite 100
Golden, Colorado 80401
Phone: 303-233-7838
Fax: 303-233-7860

Attorneys for Plaintiff

Plaintiff's address:

Ronald L. Kinning
c/o Ryan Polk, RK Mechanical
3800 Xanthia Street
Denver, CO 80238

*In accordance with C.R.C.P. 121, § 1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*

- 7 -